UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81270-ROSENBERG/REINHART

KK-PB FINANCIAL, LLC,                Bankruptcy Case No:
                                                               18-19441-EPK

        Appellant,

v.

160 ROYAL PALM, LLC,

        Appellee.
_____/

**ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL**

THIS CAUSE is before the Court on Appellee 160 Royal Palm, LLC's Motion to Dismiss Appeal. DE 6. The Court concludes that the order at issue is interlocutory, and therefore Appellee's Motion is GRANTED.

## I.      BACKGROUND

This appeal arises from the bankruptcy proceeding of Debtor-Appellee: *In re 160 Royal Palm, LLC*, Case No. 18-19441-EPK (Bankr. S.D. Fla.). The Court discussed the factual background of the bankruptcy proceeding in a prior appeal. *In re 160 Royal Palm, LLC*, 600 B.R. 119 (S.D. Fla. 2019). As relevant here, Debtor-Appellee filed an application in Bankruptcy Court to employ special legal counsel under 11 U.S.C. § 327(e). *See* Order Approving, In Part, Amended Application to Employ Gregg H. Glickstein and the Law Firm of Gregg H. Glickstein, P.A., DE 1138, *In re 160 Royal Palm, LLC*, Case No. 18-19441-EPK (Bankr. S.D. Fla.). The Bankruptcy Court approved such application, and Appellant appealed the order of approval under Federal Rule of Bankruptcy Procedure 8003, which governs appeals as of right. Debtor-Appellee moves to dismiss on the grounds that such order is interlocutory, and therefore

Appellant's required leave of the Court to appeal the order.

## II.     ANALYSIS

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear bankruptcy appeals "from final judgments, orders, and decrees." Subject to an exception for orders modifying certain deadlines, all other orders may be appealed only with leave of the court. § 158(a). Because the instant appeal was taken pursuant to Federal Rule of Bankruptcy Procedure 8003, the issue is whether the order is "final" and appealable as of right. As the Eleventh Circuit puts it:

> A final decision is generally "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see In re Alchar Hardware Co.*, 730 F.2d 1386, 1388 (11th Cir. 1984) (per curiam). In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must have been finally resolved, rather than the entire bankruptcy litigation. *See In re Saco Local Development Corp.*, 711 F.2d 441, 443–46 (1st Cir. 1983); *United States v. Air Florida, Inc.*, 48 B.R. 749, 750 (S.D. Fla. 1984); *cf. Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1309 (11th Cir. 1982) (order refusing to lift automatic stay is final where it disposed of whole subject matter of complaint). Although courts "take a more liberal view of what constitutes a separate dispute for purposes of appeal" in bankruptcy cases, *In re Leimer*, 724 F.2d 744, 745 (8th Cir. 1984), the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do. *Borg-Warner*, 685 F.2d at 1309; *In re Leimer*, 724 F.2d at 745.

*In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985). In other words, "[a]n order is not final for appellate review when it 'merely disposes of an incidental procedural matter during the proceedings in bankruptcy court.'" *In re Tidewater Grp.*, 734 F.2d 794, 796 (11th Cir. 1984) (citing *In re Kutner*, 656 F.2d 1107, 1111 (5th Cir. 1981)). Rather, it must "resolve the litigation, decide the merits, determine the rights of the parties, settle liability, or establish damages." *Id.* (citation omitted).

Although the Eleventh Circuit has not decided the precise issue, other circuits have concluded that orders under section 327 are interlocutory. *See, e.g., In re Smyth*, 207 F.3d 758, 763 (5th Cir. 2000) (citing *In re American Cabinets & Woodcrafting Corp.*, 159 B.R. at 971) ("Orders appointing counsel under the Bankruptcy Code are interlocutory and are not generally considered final and appealable."); *Spears v. U.S. Tr.*, 26 F.3d 1023, 1024 (10th Cir. 1994) (finding it unnecessary to reach the merits of the appeal because "[o]rders relating to the appointment of counsel in bankruptcy are interlocutory and unappealable until final disposition of the proceeding."); *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 389 (9th Cir. 1992) ("Where the underlying bankruptcy court order involves the appointment or disqualification or counsel, courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context."). Appellant correctly notes that not all circuits subscribe to this view, *see, e.g., In re AroChem Corp.*, 176 F.3d 610, 619–20 (2d Cir. 1999), but courts applying Eleventh Circuit standards have concluded that such orders are interlocutory. *See, e.g., Wholesalecars.com v. Leo*, 572 B.R. 367, 376 (N.D. Ala. 2017); *In re Am. Cabinets & Woodcrafting Corp.*, 159 B.R. 969, 971 (M.D. Fla. 1993); *In re Duque*, 48 B.R. 965, 968 (S.D. Fla. 1984).

Here, the order approved the employment of Gregg H. Glickstein and his law firm as Debtor's special New Haven Claim litigation counsel. This determination did not affect the substantive rights and liabilities of the parties. Further, the matter is incidental to the bankruptcy proceeding, far removed from the parties' real dispute: Appellant's interest in the Palm House Hotel. Finally, the bankruptcy proceedings remain ongoing. Accordingly, the order is interlocutory.

Appellant therefore could not appeal the order as of right.  Appellant offered no response to Appellee's argument that the Court should not grant leave to appeal.  The Court declines to grant leave to appeal and dismisses the appeal for lack of jurisdiction.

**ORDERED AND ADJUDGED:**

1. This appeal is **DISMISSED** for lack of jurisdiction.

2. The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of October, 2019.

Copies furnished to:  
Counsel of Record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE